IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-318-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| GREG LAMONT DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Henderson Police Department. The defendant did not present any witnesses. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required or the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

Defendant was charged in an indictment filed on 19 October 2011 with two counts of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924 on 24 May 2011 and 11 October 2011, respectively. The evidence presented at the hearing shows that the first count arises from a controlled purchase by a confidential information of a .357 caliber handgun and ammunition from defendant at his residence on the alleged offense date, 24 May 2011. Defendant has previously been convicted of a felony. Police conducted the controlled purchase because a large number of guns were being sold in the community and police received information that defendant was selling guns and drugs from his residence.

The second count arises from a search of defendant's residence on 11 October 2011. Police obtained a search warrant after two controlled purchases of crack cocaine from defendant at that location. The search located a .32 caliber handgun and ammunition, and crack cocaine in the back bedroom of the residence, which other evidence showed defendant used. There were also digital scales and baggies in the residence. The other resident at that address told police that he was the tenant, but allowed defendant to stay and sell drugs and guns from there in exchange for contributions toward the rent. The tenant also said that he and defendant had a similar arrangement at the tenant's prior residence. Police found a sawed-off shotgun in the front bedroom, which the tenant said belonged to him. At the time of the search, defendant initially denied to police that he had a key to the residence, but eventually admitted that he did. Defendant was arrested on state charges and then released on bail.

In October 2011, when officers went to defendant's residence to arrest him on the indictment in this case, he and another person fled out the back door. He subsequently travelled to New York and took up residence there with a grandparent. He turned himself in to authorities last week.

The law requires that defendant be detained pending trial based on the following principal findings and reasons: the strength of the government's case against defendant, including the evidence of the controlled purchase and the proceeds of the search of his residence; the circumstances of the offenses, including defendant's trafficking in firearms, his trafficking in drugs in conjunction with the firearms, and the seemingly organized nature of his trafficking (*i.e.*, the rental arrangement he uses to facilitate the trafficking); his criminal history, including two felony convictions, ten misdemeanor convictions, and two probation revocations; defendant's use of marijuana; the danger of continued gun and drug trafficking by defendant if

he were released; the absence of a proposed third-party custodian; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as defendant's long-term residence in the area, the presence of family in the area, and his having turned himself in. It finds, however, that the factors favoring detention strongly outweigh such evidence.

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 20th day of April 2012.

James E. Gates
United States Magistrate Judge